UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00603-FDW-DCK

| | |
|---|---|
| BERNINI HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| THOMAS A. CONRAD and RICKY L. ) | |
| ROBERTS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon Defendants Ricky Roberts ("Roberts") and Thomas Conrad's ("Conrad") Motion to Dismiss (Doc. No. 7) and Plaintiff Bernini Holdings, LLC's ("Bernini") Motion to Strike (Doc. No. 9) and Motion to Dismiss Conrad (Doc. No. 13). The motions are now ripe. As a preliminary matter, the Court will address Bernini's Motion to Dismiss Conrad before considering Bernini's Motion to Strike and Defendants' Motion to Dismiss.

Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "If the court determines at any time that it lacks

1

subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review.

Id., at 768-69 (citations omitted).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern

2

Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Bernini requests this Court dismiss Conrad with prejudice as required by a settlement order from a state court proceeding. (Doc. No. 13, ¶ 14). Dismissing Conrad with prejudice is appropriate pursuant to Fed. R. Civ. P. 41(a)(2) for Bernini to comply with the settlement order. Bernini's cause of action against Roberts is not adversely affected and is ripe for independent adjudication. Therefore, Bernini's Motion to Dismiss Conrad (Doc. No. 13) is GRANTED.

Prior to resolving Roberts' Motion to Dismiss (Doc. No. 7), this Court must first consider Bernini's request to strike Exhibits B and C (collectively "Exhibits") from Roberts' Motion to Dismiss (Doc. No. 9). Bernini argues Exhibits should be struck from Robert's Motion to Dismiss because Exhibits are not adjudicative facts subject to judicial notice. (Doc. No. 12). Roberts argues courts routinely take judicial notice of other court documents. (Doc. No. 11).

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss." Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (citing Braun v. Maynard, 652 F.3d 557, 559 n. 1 (4th Cir. 2011)). However, when examining a 12(b)(6) motion to dismiss, courts may also consider matters taken under judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Courts may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute" because it:

(1) is generally known within the trial court's jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

3

Fed. R. Evid. 201(b).  Documents such as state court motions will be considered adjudicative facts when they are submitted to show that they had, in fact, been filed.  See In re Lisse, 905 F.3d 495, 496-97 (7th Cir. 2018).  Furthermore, "whether information is the proper subject of judicial notice depends on the use to which it is put." Clatterbuck, 708 F.3d at 558.  The contents of information must not be weighed when considering whether something is appropriate for judicial notice at the 12(b)(6) stage. See Clatterbuck, 708 F.3d at 558 ("On a motion pursuant to Rule 12(b)(6), the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it.").

The Court has reviewed the arguments and applicable law.  Here, Roberts is not requesting this Court take judicial notice of the adjudicative fact that the state court documents in Exhibits were filed.  Roberts is requesting this Court analyze the facts within Exhibits to compare them to Bernini's current position in this proceeding. (Doc. No. 7-1, p. 2-5).  In doing so, this Court would effectively be weighing evidence at the 12(b)(6) stage.  Thus, the facts Roberts requests this court take judicial notice of are not adjudicative facts.  Therefore, this Court will not take judicial notice of Exhibits at this stage.  Bernini's Motion to Strike (Doc. No. 9) is GRANTED.  Roberts is free to raise the issues presented by Exhibits again at summary judgement.

In the remaining Motion to Dismiss, Roberts moves that the Court dismiss Bernini's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has reviewed the pleadings, arguments in the briefs, and applicable law. Considering Fourth Circuit precedent from Maguire Fin., LP v. PowerSecure Int'l, Inc., 876 F.3d 541 (4th Cir. 2017) and other cases, this Court finds that Bernini has sufficiently stated plausible claims against Roberts.  Maguire Fin., 876 F.3d at 546-47; see also Yates v. Mun. Mortg. & Equity, LLC, 744 F.3d 874 (4th Cir. 2014).

4

Upon review by the Court, Roberts' Motion to Dismiss (Doc. No. 7) is DENIED WITHOUT PREJUDICE. Roberts is free to raise the issues set forth in the Motion to Dismiss again at summary judgment.

IT IS THEREFORE ORDERED that Bernini's Motion to Dismiss Conrad (Doc. No. 13) is GRANTED, Bernini's Motion to Strike Exhibits (Doc. No. 9) is GRANTED, and Roberts' Motion to Dismiss (Doc. No. 7) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: September 10, 2020

*[Signature]*

Frank D. Whitney
United States District Judge