UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:19-CV-603-FDW-DCK

| | |
|---|---|
| **BERNINI HOLDINGS, LLC,**<br><br>      **Plaintiff,**<br><br>V.<br><br>**RICKY L. ROBERTS,**<br><br>      **Defendant.** | **DEFENDANT'S<br>BRIEF IN SUPPORT OF<br>MOTION TO DISMISS** |

Ricky L. Roberts ("Mr. Roberts" or "Defendant"), pursuant to Western District North Carolina Local Rule 7.1 (c) and Federal Rules of Civil Procedure 37 and 41(b), files this Brief in Support of Motion to Dismiss.

## I. INTRODUCTION AND SUMMARY

Defendant moves for dismissal due to Plaintiff's failure to participate in discovery or prosecute this case. Plaintiff failed to produce any of its witnesses for noticed depositions, and Plaintiff did not designate **any date** on which witnesses would be available for deposition. Similarly, Plaintiff failed to produce documents in response to written discovery requests, and Plaintiff failed to provide verified interrogatory responses. These failures occurred **after** the Court had admonished Plaintiff for earlier delays/failures and warned that "further delays in this matter, particularly regarding the production of relevant discovery, may lead to sanctions that could include dismissal of this lawsuit." (Doc. 23).

1

## II. STATEMENT OF FACTS

Plaintiff asserts Rule 10b-5[1] securities fraud claims. The claims arise from alleged failures to disclose during "due diligence" for Plaintiff's acquisition of Cynergy Systems, Inc. ("Cynergy"). The subject transaction closed on November 7, 2014 (Doc. 1 ¶¶20, 26, 28). Plaintiff filed this action four years and 364 days later, on November 6, 2019.

Material facts showing Plaintiff's refusal to engage in discovery are set out chronologically below.

### A. Plaintiff's Delays in Providing Initial Disclosure Materials

In their Rule 26(f) Initial Conference, the parties' identified documents reflecting Cynergy's finances as being material, and Plaintiff acknowledged that it controls Cynergy's documents. (Doc. 17 ¶¶ 3, 5(d), and 7). Plaintiff represented that "Bernini anticipates no delay in its production of relevant Cynergy documents in its possession, custody or control." (Doc. 17 ¶ 7). A highlighted version[2] of the report is attached as **Exhibit A**.

Plaintiff served an "Initial Disclosures" document on October 16, 2020, but Plaintiff did not provide information regarding damages calculations, and Plaintiff did not produce any documents. **Exhibit B ¶ 2, 3.**

---

[1] "Rule 10b-5" is meant to refer to and encompass § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and S.E.C. Rule 10b-5, 17 C.F.R. § 240.10b-5.

[2] Some of the Exhibits to this Motion are lengthy email exchanges or discovery documents. To help the Court identify relevant portions of text, each of a highlighted copy and a "clean" copy are included for such Exhibits.

The Court's Case Management Order sets deadlines: (1) Initial Disclosures exchanged by October 16, 2020; (2) discovery completion by April 2, 2021; and (3) Dispositive Motions filed by April 30, 2021. (Doc. 18 p. 1).

Subsequently, and despite multiple requests over several months, Plaintiff failed to produce documents, provide damages calculations, or otherwise "supplement" its Initial Disclosures. **Exhibit C (pp. 1-2, yellow highlighting).** Accordingly, Defendant sought guidance from the Court. Just before a discovery conference with Magistrate Judge Keesler, Plaintiff produced a limited volume (a total of 191 pages) of documents and claimed that more "Initial Disclosures" documents were forthcoming.

During the discovery conference with Judge Keesler, the parties discussed plans for Plaintiff to provide remaining Initial Disclosures materials, as well as performing other discovery obligations. Plaintiff's counsel indicated that document production was late because Plaintiff intended to procure an electronic collection of documents that a different set of attorneys prepared/produced in a State Court lawsuit (the "State Court Lawsuit") to which Plaintiff and Cynergy (but **not** Defendant) were parties. Importantly, Plaintiff admitted that it had these same documents in its files, but Plaintiff preferred to produce from the already-assembled State Court Lawsuit data. Judge Keesler indicated that Plaintiff trying to save money by "re-producing" materials from a different lawsuit was not an adequate excuse for failing to perform obligations in the present action.

3

After the conference, the Court entered an Order (A) requiring Plaintiff to supplement its Initial Disclosures by producing all documents on which it would rely, no later than March 1, 2021, and (B) warning Plaintiff that "further delays in this matter, particularly regarding the production of relevant discovery, may lead to sanctions that could include dismissal of this lawsuit." (Doc. 23).

Plaintiff did not provide any additional documents by the March 1 deadline. Instead, Plaintiff served a "supplement" indicating that – in addition to the 191 pages of previously-produced documents – Plaintiff would rely on documents that it was "waiting on" from the State Court Lawsuit. A highlighted version of Plaintiff's "Supplemental Initial Disclosures" is attached as **Exhibit D ¶ 2, 3.**

B.     <u>**Plaintiff's Failure to Participate in Depositions**</u>

For several months, Defendant requested dates available for depositions of Plaintiff's witnesses. **Exhibits E (pp. 1-2, yellow highlighting) and F (pp. 1, 2, and 4, yellow highlighting).** Plaintiff did not provide dates. Eventually, Defendant noticed depositions of a corporate representative of Plaintiff, the principal of Plaintiff, and the CFO of Cynergy. These depositions were noticed more than a month in advance and set for March 24-26. **Exhibits G, H, and I** are the subject deposition notices.[3]

Counsel exchanged emails about these depositions. **Exhibits E (pp. 1-2, yellow highlighting) and F (pp. 1, 2, and 4, yellow highlighting).** Plaintiff did not indicate that the witnesses had any problems with availability.

---

[3] Plaintiff's counsel reported that he had a conflict on one of the dates, and in response, Defendant moved that deposition to a date for which counsel did not have a conflict. **Exhibit J.**

4

On March 24, Plaintiff's witness failed to appear for the first deposition. After reaching Plaintiff's counsel by phone, Plaintiff's counsel acknowledged that its witness had failed to appear as required, and that Plaintiff would pay for court reporter costs. **Exhibits K (yellow highlighting) and L (p.2, yellow highlighting).** Defendant's counsel asked about the status of other depositions and when Plaintiff would make its witnesses available. **Exhibit L (pp. 1, 2, and 3, yellow highlighting).** In response, Plaintiff indicated that it was hoping to make witnesses available after Plaintiff produced documents. Defendant asked Plaintiff to provide a schedule by which document production and depositions would occur. **Exhibit L (pp. 1, 2, and 3, yellow highlighting).** However, Plaintiff provided neither a schedule nor <u>**any**</u> specific date on which <u>**any**</u> of its witnesses would be available for deposition.

Also, Plaintiff did not notice any depositions.

### C. <u>Plaintiff's Failure to Participate in Written Discovery</u>

Defendant served written discovery requests on February 15, 2021. Plaintiff provided narrative responses on March 22, 2021 (and as described above, Plaintiff provided a small volume of Initial Disclosures documents). However, Plaintiff did not produce documents identified as being responsive to written discovery requests.[4]

It appears that Plaintiff never could have produced (and/or never intended to produce) the data from the State Court Lawsuit. Plaintiff eventually admitted that it

---

[4] In their Rule 26(f) Initial Conference, the parties agreed to produce documents in an electronic format, with relevant metadata. Plaintiff never produced the metadata for any documents, but instead produced only .pdf images, with no metadata or native files.

5

did not arrange to preserve the document database from the State Court Lawsuit, after that action was resolved; as a result, that data no longer exists. **Exhibit L (p. 3, red highlighting).** Notably, Plaintiff filed the present action prior to the settlement of the State Court Lawsuit. Compare Doc. 1, (Complaint filed November 6, 2019), and **Exhibit M** (the State Court settlement Order, dated March 11, 2020).

The State Court Lawsuit included a Protective Order limiting the use/disclosure of certain discovery materials. When Plaintiff indicated that it intended to produce that data in the present action, Defendant asked for a stipulation that using these materials in the present action would not violate the subject Protective Order. Plaintiff failed to respond to multiple requests to address this. **Exhibit F (pp. 1-4, green highlighting).**

Plaintiff never provided verified responses to interrogatories. Plaintiff did not respond to requests to provide verification. **Exhibit L (p. 3, second section of green highlighting).**

Plaintiff has not sought an extension of the discovery deadline.

D. **Efforts to Resolve the Issues, Short of a Motion for Dismissal**

As seen in the above-described Exhibits, Defendant made extensive efforts to resolve discovery disputes. Defendant's later communications warned explicitly that Plaintiff's discovery failures were causing prejudice – such as preventing Defendant from preparing for dispositive Motions – and that Defendant would seek sanctions, including dismissal of this action. **Exhibits L (p. 3, green highlighting), and N (p.1, yellow highlighting).**

6

Case 3:19-cv-00603-FDW-DCK    Document 24-1    Filed 04/21/21    Page 6 of 20

Also, pursuant to the Case Management Order (Doc. 18, p. 5 ¶ i), Defendant asked for Magistrate Judge Keesler to conduct a conference about issues raised in the present Motion. In response, the Court instructed Defendant to proceed with Motions. **Exhibit N (p.1).** This Motion followed.

E.  **Plaintiff Appears to Pursue this Action as "Revenge" Litigation**

The present action has indicia of "revenge" litigation. The State Court Lawsuit was lengthy and contentious. Defendant understands that Bernini and its principal were upset by the outcome (e.g., Cynergy initiated the action by alleging wrongful conduct by Mr. Conrad, but the settlement Order required payment to Mr. Conrad and dismissal of claims in the present action). **Exhibit M ¶ 1, 5.** Mr. Roberts gave deposition testimony in the State Court Lawsuit. Continuing the present action appears intended to "punish" Mr. Roberts for giving deposition testimony helpful to Mr. Conrad in the State Court Lawsuit.

### III.  ARGUMENT

Plaintiff's failure to participate in discovery defies the Court's Orders, prejudices Defendant, and requires dismissal pursuant to F. R. Civ. P. 37 and 41(b).

Plaintiff's actions – and resulting harm to Defendant – meets the Fourth Circuit's test for imposing dismissal as a sanction. Specifically: (1) the evidence shows Plaintiff's bad faith, including refusals to attend depositions, produce documents, comply with this Court's Orders, or provide reasonable explanations for same; (2) Plaintiff's actions prejudice Defendant by – among other reasons – preventing

7

preparation of dispositive Motions and otherwise preparing a defense; (3) Plaintiff (and other potential litigants) should be deterred from such conduct; and (4) less-severe sanctions are not sufficient, as the Court previously warned Plaintiff that further delays could result in dismissal.

A.  **Legal Standard**

"Rule 37(d) provides that the Court may sanction a party that fails to appear for their deposition, or that fails to serve responses to discovery requests under Rule 33 and Rule 34." 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2291 (3d ed. Oct. 2020 Update) ("Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order."). The types of sanctions available include dismissal of the plaintiff's case. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

Pursuant to F. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." See also Williams v. PUMA N. Am., Inc. 2020 U.S. Dist. LEXIS 212147, 2020 WL 6684901 (D. MD Nov. 12, 2020) (dismissing action due to Plaintiff's refusals to participate in discovery).

Also, courts have inherent power to dismiss a case "when a party deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly

administration of justice or undermines the integrity of the process." Projects Mgmt. Co. v. Dyncorp Int'l, LLC, 734 F.3d 366, 373 (4th Cir. 2013).

An Order awarding sanctions is reviewed under an abuse of discretion standard. Beach Mart, Inc. v. L&L Wings, Inc., 784 Fed. Appx. 118, 123 (4th Cir. 2019).

**B.     Fourth Circuit Test for Imposing Sanctions Under Rules 37 and 41**

The Fourth Circuit developed a four-part test to use when determining sanctions under Rule 37. Belk v. Charlotte-Mecklenburg Bd. Of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also Rangarajan, 917 F.3d 218, 226 (4th Cir. 2019) (discussing similar factors court must consider prior to dismissal under Rule 41(b)). Because "[t]he legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41," courts combine the analysis into a single test. Williams v. PUMA N. Am., Inc., 2020 U.S. Dist. LEXIS 212147, 2020 WL 6684901, at *6 (D. MD Nov. 12, 2020). More specifically, the Court must consider: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice to the adversary, (3) the need for deterrence of the particular sort of non-compliance at issue, and (4) whether less drastic sanctions could be been effective. Id.

**C.     Applying the Fourth Circuit's Test Requires Dismissal of This Action**

As discussed below, each factor of the Fourth Circuit's test is satisfied in the present case.

1. **<u>Plaintiff's conduct evidences bad faith</u>**

The discovery period has closed. (Doc. 18 p.1). Plaintiff did not request or seek any extension of the discovery deadline. Rather, throughout the discovery period:

- Plaintiff delayed for several months in providing Initial Disclosures materials. Plaintiff provided (a very small volume of) materials only after Defendant requested Court involvement, and after the Court set a conference to discuss the issue. **Exhibit C (pp. 1-2, yellow highlighting).** The Court's subsequent Order warned Plaintiff that "further delays in this matter, particularly regarding the production of relevant discovery, may lead to sanctions that could include dismissal of this lawsuit." (Doc. 23).

- Plaintiff failed to produce witnesses for noticed depositions or designate **any** dates on which its witnesses were available, despite Defendant's repeated requests. **Exhibits K (yellow highlighting) and L (pp. 1 – 3, yellow highlighting).**

- Plaintiff failed to produce documents in response to requests for production, despite repeated requests. **Exhibit L (pp. 3 – 4, purple highlighting).**

- Plaintiff failed to provide verified responses to Interrogatories, despite requests. **Exhibit L (p. 3, second section of green highlighting)**.

Plaintiff's document production conduct is particularly egregious. Plaintiff claimed that its document production was delayed because Plaintiff wanted to procure – and then produce – an electronic database from the State Court Lawsuit. In a discovery conference, Judge Keesler indicated that Plaintiff's desire to save

10

money by "re-producing" State Court Lawsuit materials was not an adequate excuse for delaying discovery, and the Court's Order warned against further delays. (Doc. 23).[5] Now, it appears that Plaintiff knew (or should have known) that it would **never** produce the State Court Lawsuit materials. Specifically, Plaintiff did not preserve the State Court Lawsuit data (**Exhibit L, p. 3, red highlighting),** even though Plaintiff filed the present action prior to settling that State Court Lawsuit (**Exhibit M**, the State Court Lawsuit Settlement Order, dated March 11, 2020). In short, Plaintiff let the State Court Lawsuit data be destroyed – **after** having filed the present action – and then later represented to the Court that Plaintiff was "waiting on" that same data. **Exhibit D ¶ 2.**[6]

Finally, it is notable that Plaintiff – not counsel – is the obstacle to discovery. This is not a circumstance where counsel refused to communicate; counsel communicated, but has had no progress to report. Plaintiff allowed its data to be destroyed, failed to produce documents, refused to attend depositions, and failed to verify interrogatory responses. Plaintiff is the only entity to blame for such failures.

### 2. Plaintiff's conduct prejudices Defendant

Plaintiff's stonewalling prevents Defendant from understanding basic facts of Plaintiff's claims.

---

[5] Trial courts in the Fourth Circuit have held that non-compliance with the Court's Orders standing alone, can establish bad faith. "Bad faith can be established by 'noncompliance [or] haphazard compliance . . . [with] discovery orders.'" LeCompte v. Manekin Constr., LLC, 573 B.R. 187, 195 (D. Md.), aff'd, 706 F. App'x 811 (4th Cir. 2017) (quoting Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 93 (4th Cir. 1989)).

[6] Also, Plaintiff failed to respond to multiple requests to address the Protective Order from the State Court Lawsuit. **Exhibit F (pp. 1-4, green highlighting).** Plaintiff's failure suggests that Plaintiff may never have intended to produce the State Court Lawsuit data.

11

Plaintiff's Rule 10b-5 securities fraud claims are, in essence, claims of fraudulent misrepresentation. Plaintiff alleges that (A) many of the subject misrepresentations were contained in "books and records" of Cynergy (Doc. 1 ¶50); (B) such "books and records" were maintained **not** by Defendant, but by a separate individual, Tom Conrad (Doc. 1 ¶12), who has been dismissed as a party to this action (Doc. 15); and (C) the key allegation that caused Plaintiff to perceive the (alleged) errors in the "books and records" as being intentional, instead of merely negligent, was that Mr. Conrad held himself out (during due diligence) as having a finance degree, and Plaintiff later discovering that Mr. Conrad did not have such a degree (Doc. 1 ¶¶ 53-54). As to the remaining Defendant, Mr. Roberts, Plaintiff alleged that Mr. Roberts' wrongful conduct was that he failed to "correct" alleged mis-statements of Mr. Conrad. (Doc. 1 ¶52).

By refusing to participate in discovery, Plaintiff evades Defendant's efforts to understand the "misrepresentations" at issue. Plaintiff failed to produce requested documents and information that would be necessary to substantiate Plaintiff's allegations. For example, Plaintiff neither produced the subject "books and records" nor identified that exact data/statements that are (allegedly) inaccurate. Without knowing such information, it is impossible to determine exactly what was "represented," whether Defendant is the "maker" of any such representations, what duty Defendant might have had to "correct" any mis-statements, or when/where/how Defendant might have heard the statements and had an opportunity to "correct"

same. Without this basic information, Defendant cannot prepare a defense, including submission of dispositive Motions.

Simply, Plaintiff brought this case and then failed to prosecute it. This has prejudiced Defendant and should not be excused.

### 3. Plaintiff's conduct should be deterred

Plaintiff's failure to participate in discovery is the sort of conduct which must be deterred. A plaintiff's refusal to participate in discovery – despite having initiated the action – undermines the truth-seeking function of the Court.

Also, the present action has indicia of "revenge" litigation. The State Court Lawsuit was lengthy and contentious. Defendant understands that Bernini and Bernini's principal were upset by the outcome (e.g., Cynergy initiated the action by alleging wrongful conduct by Mr. Conrad, but the settlement required payment to Mr. Conrad and dismissal of Mr. Conrad from the present action). **Exhibit M (¶¶ 1, 5).** Defendant was identified as a witness for Mr. Conrad and gave deposition testimony in that action. For these and other reasons, Plaintiff's insistence on "keeping alive" the present action appears intended to "punish" Defendant for being aligned with Mr. Conrad.

### 4. Less-drastic sanctions would not be effective

In the telephone conference addressing Plaintiff's earlier discovery delays, Judge Keesler indicated that Plaintiff's desire to save money by "re-producing" materials from a different lawsuit was not an adequate excuse for failing to perform obligations in the present action. The Court's subsequent Order warned that "Plaintiff is

13

respectfully advised that further delays in this matter, particularly regarding the production of relevant discovery, may lead to sanctions that could include dismissal of this lawsuit." (Doc. 23).

Such warnings did not cause Plaintiff to participate in discovery. As a result of Plaintiff's continuing noncompliance, Defendant warned (multiple times, in writing) that Defendant would be forced to pursue discovery sanctions, including dismissal. **Exhibits L (p. 3, green highlighting)**. Still, Plaintiff did not participate in discovery. As the Fourth Circuit has held, "Where a litigant has ignored an express warning that noncompliance…will result in dismissal, the district court should dismiss the case." Tam Anh Pham v. Deutsche Bank Nat. Trust Co., 583 F. App'x 216, 217 (4th Cir. 2014) (citing Ballard, 882 F.2d 93, 95-96 (4th Cir. 1989)).

### D. Courts in the Fourth Circuit dismissed cases on similar facts

District courts within the Fourth Circuit have entered – and the Fourth Circuit has affirmed – numerous dismissals where the conduct at issue was less-severe than Plaintiff's conduct. See, e.g., Rangarajan v. Johns Hopkins Univ., 917 F.3d 218 (4th Cir. 2019) (affirming district court's dismissal of action as a sanction for discovery failures); Tam Anh Pham v. Deutsche Bank Nat. Trust Co., 583 F. App'x 216 (4th Cir. 2014) (affirming district court's dismissal of action for failure to comply with a discovery order); Projects Mgmt. Co. v. Dyncorp Int'l, LLC, 734 F.3d 366, 373 (4th Cir. 2013) (affirming district court's dismissal of action as a sanction for discovery failures); LeCompte v. Manekin Constr., LLC, 573 B.R. 187, (D. Md.), aff'd, 706 F. App'x 811 (4th Cir. 2017) (default judgment entered, as a sanction for discovery

failures); Williams v. PUMA N. Am., Inc., 2020 U.S. Dist. LEXIS 212147, 2020 WL 6684901 (D. MD Nov. 12, 2020) (dismissing action under Rules 37 and 41, as a sanction for discovery failures and failure to prosecute).

The Williams case is instructive. The Williams plaintiff brought Title VII claims for race discrimination, gender discrimination, and retaliation. Id. at p. *2. The plaintiff responded to written interrogatories and document requests; however, plaintiff did not respond to the defendant's requests to cure purported deficiencies in those responses. At deposition, the plaintiff acted in an obstructionist and abusive manner, and then ended the deposition before questioning was complete. Also at that deposition, counsel for defendant warned the plaintiff that the defendant would seek dismissal of the case as a sanction for the plaintiff's refusal to cooperate in discovery. Id. at pp. *3 – 4.

Applying the Forth Circuit's four-part test, the Williams court held:

1. The plaintiff demonstrated bad faith by: (a) prematurely ending deposition; (b) failing to correct alleged deficiencies in written discovery responses; and (c) failing to change behavior, despite warnings from defendant's counsel that continuing the behavior could result in sanctions. Id. at *7 – 9. The Williams court noted Fourth Circuit authority indicating that "[b]ad faith can be established by 'noncompliance [or] haphazard compliance … [with] discovery orders." LeCompte v. Manekin Constr., LLC, 573 B.R. 187, 195 (D. Md.), aff'd, 706 F. App'x 811 (4th Cir. 2017) (quoting Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 93 (4th Cir. 1989)). Also, "a party's failure to provide a satisfactory reason why its

15

discovery responses were not timely" is further evidence of bad faith. Id. (internal quotation marks omitted).

2. The defendant was prejudiced by the plaintiff's misconduct. Williams. at *10. Specifically, the defendant sought discovery that was crucial to its defense, and plaintiff failed to participate in such discovery. This hampered the defendant's ability to prepare a defense. The Williams court concluded that plaintiff "brought this case against [defendant] and she has the obligation to prosecute it…". Id. at *10.

3. Dismissal was necessary to "deter Williams and future litigants from defying the discovery rules and from abandoning the litigation that they initiate." Id. at *11. The court explained further that "[s]uch misconduct undermines the ability of litigants to obtain the information necessary to defend or prosecute their cases, which in turn 'seriously undermines the truth-seeking function of the Court.'" Id. at *11 (quoting Rangarajan v. Johns Hopkins Univ., 917 F.3d 218, 227 (4th Cir. 2019)).

4. The plaintiff's conduct had shown that sanctions short of dismissal would be ineffective. The court reasoned that the plaintiff "brought this case, then proceeded to ignore her discovery obligations even after she was warned that dismissal could result from her misconduct." Id. at *12 (citing Tam Anh Pham v. Deutsche Bank Nat. Trust Co., 583 F. App'x 216, 217 (4th Cir. 2014)).

Plaintiff's conduct in the present action is more-egregious than that of the Williams plaintiff. First, this Court has already warned this Plaintiff that further discovery delays could result in dismissal. (Doc. 23). Second, this Plaintiff produced **none** of its multiple witnesses for deposition; in the Williams case, the plaintiff sat

16

for at least a **part** of a deposition. Third, this Plaintiff's excuses for delay appear to be based on falsehoods; Plaintiff knew or should have known that it had allowed the destruction of the State Court Lawsuit data that Plaintiff was purportedly "waiting on" in the present action.

Plaintiff's conduct is more-worthy of sanction that the conduct of parties in matters for which courts in the Fourth Circuit have granted dismissals. Applying the same reasoning as set out in Williams and other decisions from the Fourth Circuit or trial courts within the Circuit, this case should be dismissed, with prejudice.

## CONCLUSION

WHEREFORE, Defendant Ricky L. Roberts hereby requests that this action be dismissed with prejudice, pursuant to F. R. Civ. P. 37 and 41(b).

Respectfully submitted, this the 21st day of April 2021.

**REGENT LAW**

/s/ Colin R. Stockton
Colin R. Stockton
NC State Bar No. 34305
1515 Mockingbird Lane, Suite 4115
Charlotte, North Carolina 28209
Telephone: (704) 315-2691
Facsimile: (833) 299-8424

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF COUNSEL PURSUANT TO RULE 11

I, Colin R. Stockton, counsel for Defendant, Ricky L. Roberts, hereby certify pursuant to Rule 11, that the submission herein, is in compliance with the word limit of this Court for Memorandum of Law and does not exceed the 4,500-word limit of this Honorable Court.

**REGENT LAW**

 /s/ Colin R. Stockton
Colin R. Stockton
NC State Bar No. 34305
1515 Mockingbird Lane, Suite 4115
Charlotte, North Carolina 28209
Telephone: (704) 315-2691
Facsimile: (833) 299-8424

**ATTORNEYS FOR DEFENDANT**

18

Case 3:19-cv-00603-FDW-DCK   Document 24-1   Filed 04/21/21   Page 18 of 20

## FRCP 37(d) CERTIFICATION OF GOOD FAITH EFFORTS

Undersigned counsel on behalf of Defendant, Ricky L. Roberts, hereby certifies, pursuant to F. R. Civ. P. 37(d)(1)(B) and applicable local rules, that he engaged in multiple good faith efforts to resolve the discovery disputes detailed herein, including Plaintiff's failure to produce documents requested in Mr. Robert's Request for Production of Documents and Plaintiff's refusal to be deposed. Undersigned counsel's good faith efforts are detailed in the e-mail exchanges with Plaintiff's attorney, attached hereto as Exhibits C, E, F, K, L, and N. More specifically, undersigned counsel sent numerous e-mails to Plaintiff's counsel, in a good faith effort to obtain the documents requested in discovery and availability for deposition. Undersigned counsel endeavored to resolve these discovery disputes without the need to seek Court intervention. However, undersigned counsel has been unsuccessful in obtaining the remaining documents and securing dates for depositions. In light of the circumstances set forth herein, there is no reasonable expectation that Plaintiff will cooperate with undersigned counsel going forward and that the discovery disputes will be resolved. Accordingly, Mr. Roberts, through undersigned counsel, seeks this Court's intervention in the ongoing discovery issues. Based upon Plaintiff's discovery violations, Mr. Roberts seeks a dismissal of Plaintiff's case, with prejudice.

**REGENT LAW**

 /s/ Colin R. Stockton
Colin R. Stockton
NC State Bar No. 34305
1515 Mockingbird Lane, Suite 4115
Charlotte, North Carolina 28209
Telephone: (704) 315-2691
Facsimile: (833) 299-8424

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed the foregoing DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF systems, which will automatically serve the following:

Bradley E. Pearce
101 N. Tryon Street, Suite 112
Charlotte, NC 28246
brad@bepearcelaw.com
*Attorney for Plaintiff*

Respectfully submitted this 21st day of April, 2021.

**REGENT LAW**

/s/ Colin R. Stockton
Colin R. Stockton
NC State Bar No. 34305
1515 Mockingbird Lane, Suite 4115
Charlotte, North Carolina 28209
Telephone: (704) 315-2691
Facsimile: (833) 299-8424

**ATTORNEYS FOR DEFENDANT**

20

Case 3:19-cv-00603-FDW-DCK   Document 24-1   Filed 04/21/21   Page 20 of 20