IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00603-FDW-DCK

| | |
|---|---|
| BERNINI HOLDINGS, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> RICKY L. ROBERTS <br> THOMAS A. CONRAD, <br><br> **Defendants.** | **ORDER** |

THIS MATTER is before the Court on Defendant Ricky Roberts' Motion to Dismiss for Lack of Prosecution, (Doc. No. 24), and his Motion for Summary Judgment, (Doc. No. 25). For the reasons stated herein, Defendant Roberts' Motion to Dismiss for Lack of Prosecution is GRANTED, and his Motion for Summary Judgment is DENIED AS MOOT.

I. **BACKGROUND**

Plaintiff Bernini Holdings, LLC ("Plaintiff") filed a Complaint on November 6, 2019, alleging Defendants Thomas Conrad and Ricky Roberts ("Mr. Roberts" or "Defendant") violated Rule 10b-5 of the Securities Exchange Act of 1934.[1] (Doc. No. 1). On September 11, 2020, this Court entered an Order granting Plaintiff's Motion to Dismiss Thomas Conrad as a Defendant in this matter. (Doc. No. 15). Since then, Mr. Roberts filed an Answer, (Doc. No. 16), and the parties submitted their Rule 26(f) Report. (Doc. No. 17). After the issuance of a Case Management Order, (Doc. No. 18), Mr. Roberts filed an Amended Answer on December 1, 2020. (Doc. No. 21). The case remained dormant until February 22, 2021, when Plaintiff filed a Status Report regarding a

---

[1] The specific allegations contained in the Complaint are irrelevant for purposes of ruling on the pending Motion to Dismiss, which is procedural in nature. The Court accordingly declines to set forth the factual allegations herein.

1

dispute involving the Initial Disclosures. (Doc. No. 22). Magistrate Judge David Keesler held a telephone conference with the parties to resolve the dispute and subsequently entered an Order directing Plaintiff to "complete and/or supplement" its Initial Disclosures by March 1, 2021. (Doc. No. 23). Again, the case remained dormant until Mr. Roberts filed the pending Motion to Dismiss for Lack of Prosecution, (Doc. No. 24), and the pending Motion for Summary Judgment, (Doc. No. 25) on April 21, 2021, and April 30, 2021, respectively. Both of Defendant's Motions went unanswered by Plaintiff. On May 18, 2021, this Court issued a Show Cause Order directing Plaintiff to respond to Defendant's Motions. (Doc. No. 27). Plaintiff has failed to timely respond to the Court's Order, and the Court accordingly reviews Defendant's pending Motions herein.

## II. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) for Plaintiff's failure to engage in discovery, its failure to prosecute this case, and its failure to comply with Court Orders. (Doc. No. 24). Fed. R. Civ. P. 37 allows a district court to issue sanctions against a party, including dismissal of an action, when that party disregards its discovery obligations or fails to comply with a court order. See Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). Fed. R. Civ. P. 41(b) also allows a Court to dismiss an action "if the plaintiff fails to prosecute." "'The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41.'" Williams v. PUMA N. Am. Inc., No. TJS-19-3340, 2020 WL 6684901, at *2 (D. Md. Nov. 12, 2020) (quoting Carter v. Univ. of W. Virginia Sys., Bd. of Trs., No. 93-1905, 1994 WL 192031, at *2 (4th Cir. May 16, 1994)). Accordingly, when a court evaluates whether to dismiss under Rule 37 or Rule 41(b), it considers the following: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions

would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (quotation and citation omitted).

As to the first factor, the Court finds Plaintiff has acted in bad faith. Most notably, Plaintiff failed to comply with two Court Orders, one issued by Magistrate Judge Keesler, directing Plaintiff to make its initial disclosures by March 1, 2021; and the other issued by this Court, directing Plaintiff to show cause as to why it failed to timely respond to Defendant's pending motions. (Doc. Nos. 23, 27). In addition to Plaintiff's failure to comply with court orders, Plaintiff has also failed to engage in discovery. Plaintiff failed to make witnesses available for properly noticed depositions, failed to properly respond to interrogatories, and failed to produce properly requested documents. (Doc. No. 24-15, pp. 1-4). Repeated failures to engage in discovery and comply with court orders is sufficient evidence of bad faith. See First Union Rail Corp. v. Springfield Terminal Ry. Co., No. 3:09-cv-230, 2009 WL 1469632, at *1 (W.D.N.C. May 20, 2009) ("[B]ad faith is patent as demonstrated by [a] consistent disregard of discovery deadlines, disobedience of court orders, and . . . lack of even responding."); Klyman v. Sprint Nextel Corp., No 3:08-cv-362, 2009 WL 2136619, at *1 (W.D.N.C. July 10, 2009); Cox v. Credit Control Servs., Inc., No. 3:12-cv-250, 2013 WL 1798109, at *1 (W.D.N.C. 2013). Plaintiff's consistent and repeated neglect for its obligations as a litigant in this matter, which Plaintiff itself instituted, is indicative of Plaintiff's bad faith.

As to the second factor, the Court finds Plaintiff's conduct has prejudiced Defendant. As Defendant points out in his Motion, he has been unable to obtain crucial discovery from Plaintiff that would allow him to mount a proper defense. This, standing alone, is prejudicial. See Greene v. Carolina Motor Club, Inc., No. 3:10-cv-57, 2012 WL 6092446, at *2 (W.D.N.C. Dec. 7, 2012). However, Plaintiff's failure to engage in discovery has been harmful to Defendant in other respects

3

as well. For example, Plaintiff has wasted Defendant's time and money by failing to have witnesses appear at depositions and forcing Defendant's hand in filing the pending Motion to Dismiss. Ultimately, Plaintiff has prevented Defendant from effectively litigating this matter, and Defendant has accordingly been prejudiced.

As to the third factor, the Court finds there is an inherent need to deter Plaintiff, and all litigants, from the type of conduct Plaintiff has exhibited in this matter. There is an obvious need to deter potential plaintiffs from initiating a lawsuit and then failing to prosecute the suit, but there is an even stronger need to deter litigants from ignoring court orders. See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989) ("[N]ot only does a noncomplying party jeopardize his or her adversary's case by such indifference . . . to ignore such bold challenges to [a] district court's power would encourage other litigants to flirt with similar misconduct." (quotation omitted)). Moreover, Defendant contends Plaintiff instituted this lawsuit as "revenge" for a state court lawsuit in which Plaintiff received an unfavorable outcome. (Doc. No. 24-1, p. 13). Although the Court will not go so far as to accept Defendant's contention as true, the Court is nonetheless concerned with the appearance of allowing meritless, "revenge" litigation to proceed. Such conduct must be explicitly and strongly deterred.

As to the final factor, the Court does not believe that sanctions less drastic than dismissal would be effective. Plaintiff has not engaged in this litigation since roughly February 22, 2021, (Doc. No. 22), and has ignored two Court Orders within the past three months. Plaintiff has been provided with adequate notice that failure to engage in the litigation could result in dismissal. Plaintiff has been warned by this Court *and* by Magistrate Judge Keesler that failure to comply could result in dismissal. (Doc. Nos. 23, 27). The record makes clear that Plaintiff has not made any effort to litigate in this matter in the past three months, even though it initiated the lawsuit.

4

Plaintiff has received two notices with clear directions for carrying out its obligations and "[t]he Court is not required now to issue a [third] order saying that it really meant for the first [two] order[s] to be obeyed." Greene, 2012 WL 6092446, at *3.

Plaintiff's conduct in this matter satisfies the criteria for sanctions, including dismissal, outlined by the Fourth Circuit. The Court accordingly GRANTS Defendant's Motion to Dismiss, (Doc. No. 24), and DISMISSES this case with prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (Doc. No. 24) is GRANTED. Defendant's Motion for Summary Judgment, (Doc. No. 25) is DENIED AS MOOT. This matter is DISMISSED WITH PREJUDICE. The Court respectfully directs the Clerk to CLOSE this case.

IT IS SO ORDERED.

Signed: June 7, 2021

Frank D. Whitney
United States District Judge